SCHNADER HARRISON SEGAL & LEWIS, LLP
By:    Jeffrey L. Eichen (JE 2753)
         Benjamin P. Deutsch (BD 5435)
140 Broadway, Suite 3100
New York, NY 10005-9998
(212) 973-8000

Attorneys for plaintiff Del Laboratories, Inc.

**CV . 03 - 1983**

**SEYBERT, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEL LABORATORIES, INC., | : |
| Plaintiff, | : |
| v. | : |
| | : |
| CLASSIFIED COSMETICS, LLC | : |
| Defendant. | : |

Civil Action No. CV-03-

**WALL, M.J.**

## COMPLAINT

DEL LABORATORIES, INC. ("Del"), plaintiff in the above-captioned matter, brings this civil action against defendant CLASSIFIED COSMETICS, LLC ("Classified"), and avers in support thereof as follows:

*Parties, Jurisdiction and Venue*

1.    Del is a Delaware corporation with its principal place of business located at 178 EAB Plaza, Uniondale, New York, 11556-0178.  Del is in the business of manufacturing, marketing and selling nail, hair and skin care products, cosmetics and over-the-counter pharmaceuticals.

2.    Upon information and belief, Classified is a California limited liability company with its principal place of business located at 23805 Stuart Ranch Road, Suite 101, Malibu, California 90265.  Classified is in the business of manufacturing, marketing and selling a line of cosmetics called ERA Face Spray On Foundation.

3.       Pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367 and 2201 and 15 U.S.C. § 1121, jurisdiction of this Court is proper in that (i) one or more of the claims in this action arise under the Constitution, laws or treaties of the United States—more specifically, under the provisions of the United States trademark and patent laws, 15 U.S.C. § 1051 et seq. and 35 U.S.C. § 100 et seq.—and any other claims not arising as described above are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and (ii) based upon Classified's demands, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.       Pursuant to 28 U.S.C. § 1391, venue in this District is proper in that a substantial part of the events or omissions giving rise to the claims occurred in this District and Classified is subject to personal jurisdiction in this District.

*Allegations Common to All Counts*

5.       Del is in the business of manufacturing and selling a variety of well-known nail, hair and skin care products, cosmetics and over-the-counter pharmaceuticals, including Sally Hansen® brand nail and skin care products and cosmetics, Corn Silk® brand makeup, La Cross® brand nail tools and implements, N.Y.C. New York Color® brand cosmetics, Orajel® brand oral analgesics, Propa pH® brand acne lotion, Pronto® brand lice-killing shampoos and treatments, and others—all of which are sold throughout the United States and internationally.

6.       Del recently developed and began selling a line of aerosol spray foundations called Sally Hansen® Fast and Flawless.  The product is sold in a standard two-piece aluminum aerosol spray canister with the marks "Sally Hansen®" and "Fast and Flawless" featured

prominently on the canister's front surface. Photographs of Del's product are attached hereto as Exhibit "A."

7. Sally Hansen® is a valid and incontestable Federally registered trademark owned by Del. Del and its predecessors-in-interest have used and promoted the Sally Hansen® trademark in commerce in connection with the nail, hair and skin care products and cosmetics, among other things, since as early as 1956. The Sally Hansen® trademark is covered by a number of Federal registrations, including among others United States Registration Numbers 688,093, 790,825 and 1,295,408.

8. Currently, Del is selling its Sally Hansen® Fast and Flawless product line to retail stores located throughout the United States and plans to continue selling this line in the future.

9. Classified recently developed and began selling a line of aerosol spray foundations called ERA Face Spray On Foundation. Classified's product, like Del's, is sold in a standard two-piece aluminum aerosol spray canister approximately 1¼ inches in diameter. But the similarities in the two products' appearance end there. Classified further packages its canister in a semi-rigid frosted plastic box with the words "ERA Face Spray On Foundation" and "Classified Cosmetics" featured prominently on the front face of the box. Classified's canister is nearly twice the height of Del's and does not feature any photographs or illustrations. And Classified's canister and cap have a brushed aluminum finish, while Del's canister is gray and its cap chrome. Photograph of Classified's product are attached hereto as Exhibit "B."

10. Upon information and belief, Classified's ERA Face product is sold exclusively through boutique and other prestige retailers, such as full-price department stores and salons. Del's product, on the other hand, is sold exclusively though mass-market retailers, such as national chain retailers, drugstores and supermarkets.

3

11.     On or about April 23, 2003, one of Del's subsidiaries received a demand letter from Classified's attorney claiming that, among other things, the Sally Hansen® Fast and Flawless line of products infringes upon a soon-to-be-issued patent owned by Classified, as well as Classified's trade dress and other rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and section 17000 et seq. of the California Business and Professions Code.  A copy of Classified's letter is attached hereto as Exhibit "C."

12.     The letter refers to a United States patent application (Serial Number 09/861,226) that Classified claims to own and for which Classified claims to have recently received a Notice of Allowance ("the '226 application").

13.     In the letter, Classified demands that Del "immediately cease and desist" from selling its Sally Hansen® Fast and Flawless line of products and, among other things, confirm that Del has stopped selling the product in writing, confirm that Del has recalled any unsold stock from its customers and identify the total quantity, gross profits and all customers for any of the product sold to date.  If Del does not comply with these demands, Classified threatens immediate legal action:

> Note that any deviation from the above will result in our client's enforcing its patent and trade dress rights against you to the fullest extent permitted under the laws.  Rest assured that as part of any proceeding, our client will seek not only actual damages, attorney's fees and the like, but will seek to have such damages trebled based on willful infringement.
>
> Once again, we anticipate receiving a full and complete response to the above within twenty (20) days of the date of this letter.

14.     In fact, the Sally Hansen® Fast and Flawless product does not infringe upon any existing or soon-to-be-issued patent owned by Classified, and any patent issued from the '226 application is either invalid, unenforceable or both.

4

15.     Nor does the Sally Hansen® Fast and Flawless product violate either section 43(a) of the Lanham Act, 15 U.S.C. § 1125, or section 17000 et seq. of the California Business and Professions Code.

16.     Del has a substantial, highly valuable interest in continuing to sell its Sally Hansen® Fast and Flawless products, in their present form and packaging, free from any cloud or threat of patent infringement or any of the other baseless claims described in Classified's demand letter.  In particular, Del sells its products primarily through national mass-market retailers, like Wal-Mart, Walgreen's and CVS.  Since retailers such as these are sensitive to any legal issues involving their vendor's products (regardless of the merits), the threat of Classified's baseless claims could potentially lead these retailers to decide not to reorder Del's product until the claims are resolved.  This, in turn, would cause very significant and irreparable harm to Del.

17.     An actual case or controversy exists between Del and Classified sufficient to invoke this Court's jurisdiction under 28 U.S.C. § 2201 and Article III of the United States Constitution.

*Count 1: Declaratory Judgment Regarding Classified's Patent Infringement Claim*

18.     Del repeats each of the facts above.

19.     Del is not liable to Classified for infringement of any existing or soon-to-be-issued patents owned by Classified in connection with the marketing and sale of Del's Sally Hansen® Fast and Flawless line of products.

20.     Any patent issued from the '226 application is either invalid, unenforceable or both.

5

21.     Del faces a reasonable apprehension of litigation with Classified based on its meritless claim of patent infringement—which affects Del's ability to continue marketing and selling its Sally Hansen® Fast and Flawless line of products.

22.     As there is no merit to Classified's claim of patent infringement, Del is entitled to a declaratory judgment stating the same.

**Count 2: Declaratory Judgment Regarding Classified's Lanham Act Claim**

23.     Del repeats each of the facts above.

24.     Del is not liable to Classified for violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in connection with the marketing and sale of its Sally Hansen® Fast and Flawless line of products.

25.     Del faces a reasonable apprehension of litigation with Classified based on its meritless claim of violation of section 43(a) of the Lanham Act—which affects Del's ability to continue marketing and selling its Sally Hansen® Fast and Flawless line of products.

26.     As there is no merit to Classified's claim of violation of section 43(a) of the Lanham Act, Del is entitled to a declaratory judgment stating the same.

**Count 3: Declaratory Judgment Regarding Classified's State Law Claims**

27.     Del repeats each of the facts above.

28.     Del is not liable to Classified for violation of section 17000 of the California Business and Professions Code or any other statutory or common law claims under state law in connection with the marketing and sale of its Sally Hansen® Fast and Flawless line of products.

29.     Del faces a reasonable apprehension of litigation with Classified based on its meritless claims of violation of section 17000 of the California Business and Professions Code—which affects Del's ability to continue marketing and selling its Sally Hansen® Fast and Flawless line of products.

30.     As there is no merit to Classified's claims of violation of section 17000 of the California Business and Professions Code or any other state law claims, Del is entitled to a declaratory judgment stating the same.

WHEREFORE, Del respectfully requests that judgment be entered in favor of Del and against Classified on counts 1, 2 and 3 of this Complaint and that Del be awarded relief as follows:

○     A declaratory judgment that Del is not liable to Classified for patent infringement, violation of section 43(a) of the Lanham Act or any other claims based upon section 17000 et seq. of the California Business and Professions Code or other state law claims in connection with the marketing and sale of its Sally Hansen® Fast and Flawless line of products;

○     A declaratory judgment that the patent soon to be issued from the '226 application is invalid, unenforceable or both;

○     Attorney's fees, costs and expenses in an amount to be determined at trial;

o     Such other damages and relief, both legal and equitable, as the Court determines

to be just and proper.

Date:   April 24, 2003     SCHNADER HARRISON SEGAL & LEWIS, LLP

By: _____

Jeffrey L. Eichen (JE 2753)
Benjamin P. Deutsch (BD 5435)

140 Broadway, Suite 3100
New York, NY 10005-9998
(212) 973-8000

Attorneys for plaintiff Del Laboratories, Inc.

8